## Jarrett v. Pennsylvania National Mutual Insurance Company

*J. Scott Watson,* for plaintiffs.

*Jack Brian,* for defendant Travelers Insurance Company.

*Walter J. Timby,* for defendant National Mutual Insurance Company.

LEHRER, *J.,* January 15, 1988 — The court has before it three motions for summary judgment. All of these outstanding motions involve the same parties and the same set of facts. None of the material facts are at issue. Resolution of this myriad of motions turns on a single issue: Is Travelers and/or Pennsylvania National Mutual Casualty Insurance Co. obligated to pay first-party benefits to plaintiffs?

The underlying action arose from a motor vehicle (truck) accident on May 12, 1985, in Pennsylvania. Plaintiffs are three Pennsylvania residents who were passengers in that vehicle. The vehicle was registered in and insured in North Carolina. The truck allegedly collided with a tree and/or some parked cars. It was owned and operated by William Jarrett, a North Carolina resident. Plaintiffs sought to recover under Mr. Jarrett's policy issued by Pa. National. Said policy, though issued by a Pennsylvania company, was apparently written to comply with coverage requirements as prescribed under North Carolina law.

Pa. National thereafter settled plaintiffs' claims for pain and suffering and obtained a general release from all plaintiffs. Coverage for medical expenses and a wage-loss claim was, however, denied by Pa. National on the basis that coverage for such

was not provided for in the policy nor was it required under North Carolina law.

In light of this denial, plaintiffs then sought first-party benefits from Travelers Insurance Co., the assignee under the Pennsylvania Assigned Claims Plan. Travelers also declined payment.

Travelers argues that the very same policy language obligates Pa. National to pay such benefits.

This court agrees with Travelers' position.

The policy has an "out-of-state coverage" provision which reads as follows:

"If an auto accident to which this policy applies occurs in any state or province other than the one in which your covered auto is principally garaged, we will interpret your policy for that action as follows:

If the state or province has:

. . .

(2) A *compulsory insurance* or *similar law* requiring a nonresident to maintain insurance whenever the nonresident uses a vehicle in that state or province, the policy will provide at least the required minimum amounts and types of coverage. . . ." (emphasis added)

At the time of the accident herein, Pennsylvania no longer was a no-fault state. The Pennsylvania Financial Responsibility Law was in effect.

Both sides agree that first-party benefits are payable if the above paragraph 2 is applicable. Pa. National argues that Pennsylvania's Financial Responsibility Law is *not* "compulsory insurance or similar law" within the meaning of that clause. It cites in support thereof that the same policy has a paragraph specifically referring to "financial responsibility or similar law" which speaks only to third-party liability. Moreover, it argues that motor vehicle insurance is no longer mandatory in Pennsylvania in the strict sense in that the vehicle owner need only

show financial responsibility at the time the vehicle is registered.

The basic intent of both forms of legislation is to assure that persons are not driving or registering vehicles who would be unable to meet a certain minimum financial obligation resulting from negligent operation of the vehicle. Under the MVFRL, registration of a motor vehicle is refused or withdrawn where an owner cannot demonstrate financial security by way of an insurance policy from an insurer or self-insurance. See subchapter H, MVFRL, §1781-1787.

Though we recognize that the laws in this area frequently undergo change over time, we view the commonality of purpose of both forms of statute as determinative in assessing the similarity of these laws. Therefore, the words "similar insurance" must be interpreted to include Pennsylvania's statute. Otherwise, the language would have no meaning; would put an insured under jeopardy of being denied coverage out of state on narrow technical reasons unrelated to a basic public policy. Moreover, one of the paragraphs in the policy relate solely to third-party coverage. There is no reason to vary the interpretation of "similar insurance" depending on the type of coverage.

Having taken the view expressed above, it is unnecessary to discuss or dispose of Travelers' argument that plaintiffs' settlement with Pa. National without Travelers' consent barred Travelers from exercising its subrogation rights.

Accordingly an appropriate order will be entered.

## ORDER

And now, this January 15, 1988, upon consideration of the three motions for summary judgment

and responses thereto, the following is hereby ordered and decreed:

(1) Defendant Travelers' motion for summary judgment is granted;

(2) Defendant Pa. National's motion for summary judgment is denied;

(3) Plaintiff Gloria Jarrett's motion for summary judgment is denied.